IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DPHAX KING, Jr.,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA, et al.,<br>    Defendant. | CIVIL ACTION<br>NO. 10-02537 |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                                                                                                        **October 29, 2010**

Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint, to which Plaintiff has filed a response. Plaintiff is pro se. For the reasons set forth below, Defendant's Motion will be granted.

I.     BACKGROUND

King was an employee of the City of Philadelphia, working at a juvenile detention center as a Youth Detention Counselor Trainee. In October 2007, one of the juveniles broke King's pinky finger. Thereafter, King did not return to work. He was approved for twelve weeks of leave under the Family Medical Leave Act ("FMLA"), part of which was paid leave using accrued sick and vacation time. He received medical benefits throughout his twelve-week FMLA leave, and his medical benefits were not terminated until January 31, 2008, approximately thirteen weeks after his leave began. At the end of his FMLA leave, he was approved for a medical leave of absence without pay, pursuant to the City's Civil Service Regulation 22.02, when his doctor certified that he could only return to work if his duties were modified. The City

had no restricted duty positions available for a Youth Detention Counselor Trainee, and therefore continued to approve him for unpaid leave each of Plaintiff's submissions of medical certifications of ongoing disability. On May 16, 2008, the City provided notice that Plaintiff's approval for unpaid leave would terminate on May 30, 2008 unless he submitted additional medical documentation. Plaintiff does not allege that he provided medical documentation to support an additional leave extension after May 30, 2008, as was required by that notice. He did not return to work after May 30, 2010 and the City therefore terminated his employment pursuant to Philadelphia Civil Service Regulation 22.022.

II.     STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept a plaintiff's factual allegations as true and draw all logical inferences in favor of the non-moving party.[1] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[2] The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[3] That said, something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[4] The Court has no duty to "conjure up unpleaded facts that might turn a frivolous action. .

---

[1] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. January 24, 2008).

[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

[3] Id. at 562.

[4] Id. at 570.

. into a substantial one."[5]

III. DISCUSSION

As a preliminary matter, the Defendant named in the Complaint is the City of Philadelphia, Department of Human Services. Although under 53 Pa. C.S.A. § 16257, departments of the City do not have an independent corporate existence, the Court will reach the merits of the City's arguments, and Plaintiff will be granted leave to amend the Complaint to name the proper defendant to any remaining claims.

A. Count I: Plaintiff alleges that the City violated his right to a leave of absence without pay under Civil Service Regulation 22.02. The Regulation makes any leave of absence beyond that required by FMLA discretionary, and requires medical documentation for approval of medical leaves beyond the FMLA period. On May 16, 2008, the City notified Plaintiff in writing that the city would not approve him for additional leave without a request for an extension, with supporting medical documentation, by May 30, 2008. Plaintiff does not allege that he provided medical documentation for continued leave after May 30, 2008. Because the City approved Plaintiff for ongoing medical leave until he failed to provide medical documentation to support a continuation, this claim will be dismissed.

B. Count II: Plaintiff alleges that the City violated Civil Service Regulation 22.022 when it terminated him for failing to return to work after his leave ended on May 30, 2008. That regulation reads, in part:

> TERMINATION. In order that the status of an employee on leave and that of the substitute, if any, may at any time be determined, such leave shall be given for definite stipulated periods. If, on the day following the expiration of a leave, the

---

[5] Id. at 562 (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d. 39, 42-43 (6th Cir. 1988).

> employee has not returned to his position and the leave has not been extended, the employee shall be considered to have resigned from his position . . .

Plaintiff does not plead any facts supporting his claim for improper termination under the regulation. As noted above, he does not allege that he provided medical documentation for continued leave after May 30, 2008, and admits that he was given notice that his leave would end if an extension was not requested, with medical documentation, by that date. He does not claim he attempted to return to work the day following the expiration of his leave. Accordingly, he was subject to dismissal under Regulation 22.022. Therefore, this claim can also be dismissed.

    C.    <u>Count III</u>: Plaintiff alleges that the City violated the Philadelphia Home Charter Rule by terminating his employment, but points to no right created by the Home Charter which Defendant violated. Therefore, he does not state a claim upon which relief may be granted.

    D.    <u>Count IV</u>: Plaintiff alleges that the city acted maliciously when it required updated medical documentation to approve extensions of unpaid leave after terminating his medical benefits. However, because the pleadings indicate that the City acted in accordance with its FMLA and its own unpaid medical leave policies, Plaintiff alleges no facts supporting his claim that the city acted maliciously. Accordingly, the Court will dismiss this claim.

    E.    <u>Count V</u>: Plaintiff alleges that the City violated his federal rights by failing to send him notice that he was eligible for COBRA Health Coverage upon expiration his FMLA health benefits coverage. Under COBRA, an employer must provide notice regarding COBRA Health Coverage within thirty days of a qualifying event.[6] Plaintiff alleges that he called to request information about COBRA, but no COBRA information was ever sent to him. COBRA

---

[6] 42 U.S.C. § 300bb-6.

creates a private cause of action for public employees whose rights under COBRA are violated.[7] Therefore, Plaintiff does sufficiently allege a COBRA violation at this stage of the litigation and will be granted leave to amend the complaint to name the proper defendant to this claim.

    F.    <u>Count VI</u>: Plaintiff states, without alleging any factual support, that the behavior of the City was malicious, evil, and without excuse or justification. This Count will be dismissed for failure to state a claim upon which relief may be granted.

IV.    <u>CONCLUSION</u>

    The allegation in Count V, that the City failed to provide required COBRA notices at the end of Plaintiff's entitlement to health care benefits under the FMLA, will survive the Motion to Dismiss, but the Complaint must be amended to name the proper defendant. All other claims are dismissed with prejudice.

---

[7] 42 U.S.C. § 300bb-7.