IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DPHAX KING, Jr., : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
|     v. : | NO. 10-2537 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|     Defendant. : | |
| : | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                   **January 25, 2012**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint,[1] to which Plaintiff has filed a response. For the reasons set forth below, Defendant's Motion will be denied.

**I.**     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Tony King was an employee of the City of Philadelphia ("the City"), working at a juvenile detention center as a Youth Detention Counselor. In October 2007, one of the juveniles broke King's pinky finger. King was approved for twelve weeks of leave under the Family Medical Leave Act ("FMLA"), part of which was paid leave using accrued sick and vacation time. He received medical benefits throughout his twelve-week FMLA leave. His medical benefits were terminated on January 31, 2008, approximately thirteen weeks after his FMLA leave began. King alleges that the City failed to provide him with the required notice that

---

[1] The City attached two documents to its Motion to Dismiss at Exhibit A and Exhibit B. The Court did not consider those documents in deciding this Motion, as they were not referred to in King's Second Amended Complaint and, furthermore, they are irrelevant to the legal issues currently before the Court.

he was eligible to elect COBRA[2] health coverage after termination of his employment.

At the end of King's twelve weeks of FMLA leave, his doctor certified that King could only return to work if his duties were modified to restricted duty.  As the City had no restricted duty positions available for a Youth Detention Counselor, King was approved for a medical leave of absence without pay, pursuant to the City's Civil Service Regulation 22.02.  Regulation 22.02 does not require the City to provide medical insurance benefits while an employee is on medical leave of absence without pay.

Continued leave was contingent upon King periodically providing medical certifications of ongoing disability.  On May 16, 2008, the City provided notice that King's approval for unpaid leave would terminate on May 30, 2008, unless he submitted additional medical documentation.  King does not allege that he provided medical documentation to support additional leave after May 30, 2008, as was required by that notice, and he did not return to work.  The City therefore terminated his employment, pursuant to Philadelphia Civil Service Regulation 22.02, on May 30, 2008.

On May 5, 2010, Plaintiff initiated the present lawsuit, alleging wrongful termination in violation of the City's Civil Service Regulations and the Philadelphia Home Charter Rule, and failure to provide the required notification regarding King's right to elect to continue his health insurance coverage pursuant to COBRA.  The Court dismissed all claims by Memorandum Opinion and Order dated October 29, 2010, but granted King leave to amend his COBRA claims.

---

[2] The Public Health Services Act as amended by the Consolidated Omnibus Budget Reconciliation Act (hereinafter "COBRA") gives pubic sector workers who lose health care benefits the right to continue to carry group health insurance coverage under their group health plan for limited periods of time, but they may be required to pay the entire premium in order to maintain coverage.

He filed his First Amended Complaint on December 6, 2010. The City filed an Answer, and later filed a Motion for Judgment on the Pleadings. In response to the City's motion, King sought leave to file a Second Amended Complaint. The Court granted leave, and King's Second Amended Complaint was filed on November 22, 2011. The City has now moved to dismiss King's Second Amended Complaint, arguing that his COBRA claims were not brought within the applicable two-year statute of limitations.

## II. STANDARD OF REVIEW

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept a plaintiff's factual allegations as true and draw all logical inferences in favor of the non-moving party.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] The complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[5] That said, something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The Court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[7]

---

[3] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

[5] Id. at 562.

[6] Id. at 570.

[7] Id. at 562 (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

### III.     DISCUSSION

Under COBRA, an employer must provide the plan administrator with notice of any qualifying event concerning a covered employee within thirty days of that qualifying event, and the plan administrator then must notify the qualified individual of his rights under COBRA within fourteen days of receiving that notice.[8] An employee experiencing a qualifying event has sixty days from the date of coverage termination, or sixty days from the date of notice of COBRA rights, whichever is later, to elect to continue his benefits under COBRA.[9] COBRA creates a private cause of action for public employees whose rights under COBRA, including rights to notice, are violated.[10] King's Second Amended Complaint alleges that he did not receive required notice of his COBRA rights.

Defendant has moved to dismiss this Complaint, arguing that King did not file suit within two years of the COBRA qualifying event.[11] King argues that the complaint was filed within two years of the qualifying event, and, in the alternative, that a four-year statute of limitations period is applicable.

---

[8] 42 U.S.C. § 300bb-6.

[9] 42 U.S.C. § 300bb-5.

[10] 42 U.S.C. § 300bb-7.

[11] As a preliminary matter, King argues that the City waived its right to raise a statute of limitations defense by not raising it in its motion to dismiss the original Complaint in this case. However, a statute of limitations defense is not one of the enumerated defenses that are waived if not included in a motion to dismiss. See Fed. R. Civ. P. 12(h). Therefore, the City was not required to raise it in its motion to dismiss the original Complaint. The Federal Rules do require that a statute of limitations defense be included as an affirmative defense in any responsive pleading filed (Fed. R. Civ. P. 8) but because the original Complaint was dismissed in its entirety upon the City's motion, the City never filed a responsive pleading to that Complaint. When the City filed a responsive pleading to King's First Amended Complaint, it included the statute of limitations defense. Therefore, the Court holds that the City properly preserved its right to raise a statute of limitations defense here.

The Qualifying Event

First, the Court must address a dispute over what constitutes the "qualifying event" in this case. Plaintiff argues that the qualifying event was the May 30, 2008 termination of his employment. The City argues that the qualifying event occurred on January 28, 2008 when King exhausted his medical leave under the FMLA and was approved to take unpaid medical leave pursuant to the City's own policies.

COBRA requires public employers to offer continued insurance coverage, albeit at the employee's expense, to an employee who participates in a group health plan when that employee would otherwise lose coverage due to some qualifying event.[12] The statute enumerates five "qualifying events" that trigger the right to COBRA coverage, including "termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment."[13] Here, King's hours were reduced to zero when he went on medical leave following the injury he sustained on October 11, 2007. However, because the FMLA required the City to provide King with twelve weeks of medical leave *with health insurance benefits*, King did not need to elect COBRA to continue his health insurance during that period. While the enumerated "qualifying events" in the COBRA statute do not explicitly address the impact of the FMLA on COBRA requirements, the Court finds that, in this case, the FMLA delayed the "qualifying event" by twelve weeks, until King was no longer entitled to employer-provided benefits on January 25, 2008.

King argues that his May 30, 2008 termination was the qualifying event for COBRA

---

[12] 42 U.S.C. § 300bb-1.

[13] 42 U.S.C. § 300bb-3(2).

purposes, and therefore that the Complaint, filed within two years of that date, was timely.  If May 30, 2008 were the sole qualifying event here, King would have had a four month gap in his eligibility for health care coverage, as his coverage pursuant to the FMLA ended on January 25, 2008.  As the purpose of COBRA is to ensure an employee's access to *continuous* health care coverage, the Court finds that the exhaustion of King's right to health insurance coverage under the FMLA on January 25, 2008 was a qualifying event in this case.  At that point he was no longer entitled to participate in the City's group health plan without electing COBRA coverage, and therefore that is a "qualifying event" consistent with the purpose of the legislation.

However, the May 30, 2008 termination of King's employment may have created a second "qualifying event," or, alternatively, the statute of limitations may have been tolled during the period between the termination of benefits and the termination of employment.  These questions are not ripe for resolution at this point in the litigation.

<u>The Statute of Limitations for Failure to Notify Claims Under COBRA</u>

The COBRA statute does not identify a statute of limitations period for failure to provide notice.[14]  Consequently, an analogous state statute of limitations will be applied.[15]  The City argues that King's claim is akin to a tort claim, for which the applicable statute of limitations is two years.[16]  King argues that his claim is more analogous to a breach of contract claim, subject

---

[14] 28 U.S.C. § 1658, which sets a four-year statute of limitations for causes of action under federal law where Congress is silent, applies only to laws enacted after 1990, and neither party argues that it is applicable to King's COBRA claim.

[15] <u>Gluck v. Unisys Corp.</u>, 960 F.2d 1168, 1179 (3d Cir. 1992).

[16] 42 Pa. C.S. § 5524(7).

to a four-year statute of limitations.[17]

The Pennsylvania Supreme Court, in considering whether an insurance bad faith claim was subject to a tort or contract statute of limitations, reasoned that the distinction between tort and contract lies in whether the claim alleges violations of statutorily imposed duties or contractual duties.[18] King's claim that the City failed to provide notice required by the COBRA statute is clearly a claim based in statutory and not contractual duties. Thus, the Court finds that the appropriate statute of limitations is two years from the "qualifying event," although, as noted above, that time frame may be subject to tolling in this case.

## IV. CONCLUSION

The Court will allow the case to proceed to discovery before resolving questions concerning the operative "qualifying event(s)" and the propriety of tolling the statute of limitations, without prejudice to the City's right to raise the statute of limitations defense again on a motion for summary judgment.

An appropriate order follows.

---

[17] 42 Pa. C.S. § 5525.

[18] Ash v. Cont'l Ins. Co., 932 A.2d 877, 885 (Pa. 2007) (bad faith insurance claim alleging breach of duties imposed by statute and not by the insurance contract is subject to a two-year statute of limitations period pursuant to 42 Pa. C.S. § 5524); see also Wilson v. Garcia, 471 U.S. 261, 280 (1985) (applying the state personal injury statute of limitations to allegations of procedural due process violations).